**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAHID NOORI, an individual, | No. 16-56082 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01467-AB-AFM |
| v. | |
| BANK OF AMERICA, N.A., National Association, an FDIC insured corporation; et al., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted January 11, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.** The district court properly granted summary judgment in favor of Bank of America on Nahid Noori's claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). Under this provision, furnishers of credit information,

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

such as Bank of America, have a duty to investigate and correct incomplete or inaccurate information related to a person's credit report. That duty is triggered only when a credit reporting agency "receives notice of a dispute" and then forwards that notice to the furnisher "in the manner established with the [furnisher]." § 1681i(a)(2)(A); *see Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012). Noori's direct complaint to Bank of America was insufficient to trigger its duties under § 1681s-2(b). *Drew*, 690 F.3d at 1106. Because Noori failed to raise a triable issue as to whether Bank of America received notice of a dispute from a credit reporting agency, her claim fails.

**2.** The district court erred in granting summary judgment in favor of Bank of America as to Noori's claim under California's Consumer Credit Reporting Agencies Act (CCRAA). *See* Cal. Civ. Code § 1785.25(a).

Bank of America relies on *Pulver v. Avco Financial Services*, 182 Cal. App. 3d 622 (1986), for the proposition that no private right of action exists with respect to furnishers' liability under the CCRAA. But *Pulver* predates the California Legislature's 1993 amendment to the CCRAA, which introduced § 1785.25(a), a provision specifically designed to create liability for furnishers: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is

Page 3 of 5

incomplete or inaccurate." Thus, while *Pulver*'s statement that the CCRAA "does not extend liability to one who furnishes information to a credit reporting agency," *id*. at 633, was true in 1986, it is no longer true today. Noori's claim under § 1785.25(a) is not preempted by federal law because the FCRA expressly exempts this provision from federal preemption. 15 U.S.C. § 1681t(b)(1)(F)(ii).

Although the district court correctly assumed that § 1785.25(a) provides a private right of action against furnishers, it erred in its analysis of whether Bank of America's conduct was protected under § 1785.25(g), the CCRAA's safe-harbor provision. The district court determined that the safe-harbor provision applied because Bank of America used reasonable procedures (namely, the Metro 2 format) to transmit information concerning Noori's supposed death to the credit reporting agencies. But that conclusion misses the heart of Noori's claim. She is not complaining about the manner by which Bank of America transmitted the information to the credit reporting agencies on the back end. Instead, Noori contends that before Bank of America transmitted her information, it failed to employ reasonable procedures on the front end to ensure that the information it transmitted was accurate. We therefore reverse and remand as to this claim so that the district court can determine whether Bank of America had in place reasonable

Page 4 of 5

procedures to ensure that the information it transmitted through the Metro 2 format was accurate in the first place.

We decline Bank of America's invitation to affirm on the alternative ground that Noori failed to show proximately caused damages. Noori's evidence of causation on the existing record is thin. Nonetheless, drawing all reasonable inferences in Noori's favor, her testimony, the Glendale Federal Mortgage adverse action letter, and the other evidence she submitted create a triable issue of fact as to whether Bank of America's misreporting caused her to suffer damages.

**3.** The district court properly granted summary judgment in favor of Bank of America on Noori's claim under California's Unfair Competition Law (UCL). *See* Cal. Bus. & Prof. Code § 17200 *et seq*. Only equitable remedies are available for UCL claims, *Somers v. Apple, Inc.*, 729 F.3d 953, 962 n.4 (9th Cir. 2013), and when Bank of America finally corrected Noori's information with the credit reporting agencies, it mooted her need for injunctive or declaratory relief. Although restitution may be available for violations of the UCL, *id.*, Noori has not requested such relief.

**4.** The district court properly dismissed Noori's defamation claim. On appeal, Noori does not argue she has shown special damages, but rather argues "the false reports are libelous *per se*." Noori cites no authority to support this

assertion. To the contrary, "[i]t is generally recognized that the mere publication of a wrongful report of a person's death is not libelous per se as to that person." *Liability for False Obituary or News Report of Death*, 85 A.L.R. 4th 813 Art. 1 (collecting cases).

**5.** Because we reverse the district court's summary judgment with respect to Noori's CCRAA claim, we vacate the award of costs to Bank of America. *See Corbello v. DeVito*, 777 F.3d 1058, 1068 (9th Cir. 2015).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs on appeal.